JUSTICE RICE
specially concurring.
¶31 I concur with the Court’s holding on all three issues herein, but would adopt a different rationale for affirming on Issue 1.
¶32 Oasis argues that Firestone’s letters demanding arbitration did not constitute a proper demand under AAA rules. Rejecting this argument, the Court holds that Oasis waived compliance with AAA requirements for demanding arbitration because Oasis gave Firestone every reason to believe that compliance with the requirements would be unnecessary. ¶ 16. My reading of Oasis’ employment contract is that, contrary to Oasis’ contention, compliance with AAA requirements was not necessary in order to invoke the arbitration process. The contract stated:
[U]pon 30-day notice by either party to each other, they will submit the issue for settlement administered by the American Arbitration Association in accordance with the provisions of its rules in effect at the time.
To start the process, the contract required only that Firestone give Oasis a 30-day notice of her desire to arbitrate. After such notice, the contract placed a mutual obligation upon both parties to submit the matter to AAA, in accordance with its rules, within 30 days. Thus, the contract imposed AAA requirements on the mutual submission to AAA and the resolution process-not on the unilateral 30 day notice which triggered the process. Thus, Oasis cannot argue that Firestone’s notice was insufficient under AAA rules, because the contract did not impose that requirement.
¶33 After receiving Firestone’s 30-day notice requesting arbitration, Oasis failed to timely respond in accordance with the obligations of its own contract, and therefore breached it. Oasis’ actions were inconsistent with the right to arbitrate and prejudiced Firestone. Firestone could not fulfill a mutual obligation on her own, and was deprived of the rights granted to her under the contract, including an agreed timetable which was to move her claim to a prompt conclusion. Therefore, I find that Oasis waived its right to compel arbitration under the agreement.